AO 245S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

VS.

HARRY W. "BILL" MARRERO, JR.

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

CASE NUMBER: 94-65-CR-T-24(E)

Defendant's Attorney: Phillip Wasserman, Esq.

THE DEFENDANT:

___ pleaded guilty to count(s)
_X_ was found guilty on counts 1, 4, 5, 6, 7, 8, 9, & 10 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Mail Fraud, Wire Fraud, Money Laundering, Transport in Interstate Commerce Property Taken by Fraud, and to Corruptly Impede and Obstruct Justice in the Proceedings of a United States Governmental Agency. | 07/93 | One |

List of Offenses Continued on Page 1a

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) and is discharged as to such count(s).
___ Count(s) (is)(are) dismissed on the motion of the United States.
_X_ It is ordered that the defendant shall pay a special assessment of $400.00, for counts 1, 4, 5, 6, 7, 8, 9, & 10, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:        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

Defendant's Date of Birth:        05/12/55

Defendant's Mailing Address:    c/o US Marshal

Defendant's Residence Address: c/o US Marshal

Date of Imposition of Sentence: March 24, 1995

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

DATE: March 24, 1995

AO 245S (Rev. 4/90) Sheet 1a - Continuation of List of Offenses

Defendant: MARRERO, HARRY W. "BILL"
Case No.: 94-65-CR-T-24(E)

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18:1341 | Mail Fraud | 06/93 | Four & Five |
| 18:1343 | Wire Fraud | 03/94 | Six, Seven & Eight |
| 18:1956 | Money Laundering | 07/93 | Nine & Ten |

AO 245S (Rev. 4/90) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: MARRERO, HARRY W. "BILL" | Judgment - Page 2 of 5 |
| Case No.: 94-65-CR-T-24(E) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of sixty (60) months as to Counts 1, 4, 5, 6, 7 & 8 and one hundred & sixty eight (168) months as to Counts 9 and 10. All counts to be served concurrently.

___ The court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ on _____.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the probation office.
    ___ as notified by the United States Marshal, but not before _____.

## RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy Marshal

AO 245S (Rev. locally 7/92) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| Defendant: | MARRERO, HARRY W. "BILL" | Judgment - Page 3 of 5 |
| Case No.: | 94-65-CR-T-24(E) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of thirty-six (36) months as to Counts 1, 4, 5, 6, 7, 8, 9, and 10, to run concurrent to each other.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance, and shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

> The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245S (Rev. 4/90) Sheet 6 - Restitution and Forfeiture

| | |
|---|---|
| Defendant: MARRERO, HARRY W. "BILL" | Judgment - Page 4 of 5 |
| Case No.: 94-65-CR-T-24(E) | |

### RESTITUTION AND FORFEITURE

#### RESTITUTION

__X__ The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Charles R. Stutts, Receiver<br>Premier Benefit Capital Trust (PBCT)<br>c/o Holland & Knight<br>P. O. Box 1288<br>Tampa, FL 33602 | $3,311,000.00 |

Payments of restitution are to be made to:

  __X__ the United States Attorney for transfer to the payee(s).
  ____ the payee(s).

Restitution shall be paid:

  ____ in full immediately.
  ____ in full not later than .
  ____ in equal monthly installments over a period of ___ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
  ____ in installments according to the following schedule of payments:

Any payment shall be divided proportionately among the payees names unless otherwise specified here.

#### FORFEITURE

___ The defendant is ordered to forfeit the following property to the United States: