# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-

**HARRY W. MARRERO**

Case Number: **8:94-CR-65-T-35TBM**

USM Number: **17525-018**

Stephen Langs, FPD

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Probation or Supervised Release

The defendant admitted guilt to violation charge numbers One, Two, Three, Four, Five, Six, Seven and Eight of the term of supervision. The defendant is adjudicated guilty of these violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | New criminal conduct, Conspiracy to Commit Offense or to Defraud United States | August 6, 2008 |
| Two | New criminal conduct, Bank Fraud | June 19, 2008 |
| Three, Four, Five, Six, Seven | New criminal conduct, Bank Fraud | June 26, 2008 |
| Eight | Association with a Person Engaged in Criminal Activity | May 2008 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

8/13/2009

**MARY S. SCRIVEN**
**UNITED STATES MAGISTRATE JUDGE**

August 31, 2009

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **9 Months**, with credit for time served on this case and case 6:08-CR-177-ORL-35DAB from the date of arrest on case 6:08-CR-177-ORL-35DAB. This term of imprisonment imposed by this judgment shall run **concurrently** with the defendant's terms of imprisonment imposed in Docket Number 6:08-CR-177-ORL-35DAB

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By: _____  
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirement of the Violent Crime Control Act are waived. However, the Court authorizes the probation officer to conduct random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant **shall cooperate with the Internal Revenue Service** and in keeping with that cooperation provide the Internal Revenue Service with lawful tax returns and any documentation necessary for the year 2007. Additionally, the defendant shall pay all outstanding taxes, interest, and penalties relating to the offense of conviction. Furthermore, the defendant shall provide the Probation Officer with verification that the income tax obligations are being met to the fullest extent possible.

2. The defendant **shall be prohibited from incurring new credit charges**, opening additional lines of credit, or making an obligation for any major purchases over $100.00 without approval of the Probation Officer. You shall provide the probation officer access to any requested financial information.

3. The defendant **shall submit to a search** of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

4. The defendant **shall cooperate in the collection of DNA**, as directed by the Probation Officer

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the **Schedule of Payments**.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **NONE IMPOSED** | **NONE IMPOSED** | **$3,309,380.93** |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. **Restitution is payable to the Clerk, U.S. District Court, for disbursement to the victim.**

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Charles R. Stutts, Receiver Premier Benefit Capital Trust (PBCT) c/o Holland & Knight Post Office Box 1288 Tampa, Florida 33602 | $3,309,380.93 | $3,309,380.93 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the **RESTITUTION** shall be due as follows:

**While in Bureau of Prisons custody:**
Defendant shall either (1) pay at least $25.00 quarterly if defendant has a non-Unicor job or (2) pay at least 50% of defendant's monthly earnings if defendant has a Unicor job.

**Upon release from custody:**
Defendant is ordered to begin making payments of $50.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in defendant's ability to pay and the Court modifies the schedule.

## JOINT AND SEVERAL

The Restitution payment is joint and several with co-defendants.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full prior to the United States receiving payment.

The Defendant is hereby ordered to begin payment immediately and continue to make payments to the best of the defendant's ability until this obligation is satisfied. While in custody the defendant is directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon the defendant's release from custody the defendant shall adhere to a payment schedule as determined by the Probation Office.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary

penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.